UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Codey Greer,                          Case No. 3:14 CV 2102

       Plaintiff,                   JUDGE JAMES G. CARR

    v.

                                     ORDER

Gary Mohr, *et al.*,

       Defendants.

*Pro se* Plaintiff Codey Greer filed the above-captioned action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr, North Central Correctional Complex Warden Neil Turner, Judge Heinz, Attorney Randall Breadon, Prosecutor John Doe, Sheriff John Doe, Sheriff's Deputy John Doe #1, Sheriff's Deputy John Doe #2, Warden Oppy, the State of Ohio and Ohio Attorney General Mike DeWine. In the Complaint, Plaintiff alleges he was wrongfully convicted and asserts claims pertaining to his conditions of confinement. He seeks review of the grand jury proceedings and monetary damages.

**I. Background**

Plaintiff's Complaint is disjointed and difficult to comprehend. He alleges he is suing all of the Defendants in their individual capacities. His pleading is simply a list of claims[1]: (1) deliberate indifference to safety; (2) "refused medical;" (3) failure to protect; (4) denial of access to the court; (5) denial of equal protection; (6) ineffective assistance of counsel; (7) cruel and unusual punishment; (8) jail and prison overcrowding; (9) inhuman conditions of confinement; (10) unsanitary conditions; (11) bad food, causing sickness and pain, mental anguish and psychological trauma; (12) exposure to e coli and salmonella; (13) wrongful restraining of his liberty; (14) engaging in a corrupt pattern of activity; (15) judicial misconduct; (16) conspiracy; (17) organized criminal activity; (18) racketeering; (19) complicity; (20) harassment;(21) retaliation; (22) water in violation of the Clean Water Act; (23) violation of the Clean Air Act; (24) prosecutors and defense attorney denied him discovery and access to witnesses; and (25) his counsel would not enter evidence of civil rights violations. He seeks monetary damages and review of the grand jury proceedings.

**II. Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an

---

[1] Several of Plaintiff's claims are redundant and are not repeated in this listing.

meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the Complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must state a facially plausible claim. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

Plaintiff's Complaint contains no factual allegations. Although the standard of review for *pro se* pleadings is liberal, it requires more than bare assertions of legal conclusions to state a claim. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996). The Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the grounds upon which they rest. *Id*. at 726; *see Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Without any supporting factual allegations, Plaintiff gives the Defendants a vague idea of what his legal claims are, but he does not give any indication of the factual grounds upon which those claims rest. His Complaint fails to meet the basic pleading requirements to state a claim for relief.

Finally, several of Plaintiff's claims appear to challenge his conviction. In order to recover

damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 Plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable in a civil rights action. Therefore, when a state prisoner seeks damages in a civil rights action, the Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence. If it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. If the Court determines that the Plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Although Plaintiff has not alleged facts in his pleading, he includes claims for ineffective assistance of counsel, wrongful restraint of liberty, judicial misconduct and denial of discovery. If those claims are directed at his criminal proceedings, a favorable ruling on them could call into question the validity of his conviction. He therefore could not assert them in a civil rights action unless his conviction was reversed or he was granted a writ of habeas corpus. Plaintiff does not allege that either of those events occurred. He cannot assert those claims in a civil rights action.

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies

-4-

pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

Plaintiff's Emergency Motion for Default Judgment (Doc. 4) is denied as moot.

    IT IS SO ORDERED.

                                              S/James G. Carr
                                              JAMES G. CARR
                                              SR. U.S. DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.